JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-1033 JGB (KKx)** | Date | June 20, 2023 |
|---|---|---|---|
| Title | *Theresa Brooke v. Hemant Chhatrala* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order DISMISSING Plaintiff's Complaint (IN CHAMBERS)**

On June 4, 2022, Plaintiff Theresa Brooke filed her Complaint. ("Complaint," Dkt. No. 1.) The Complaint asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"). (See id.) On June 7, 2023 the Court ordered Brooke to show cause why the Court should exercise supplemental jurisdiction over her state law claim by June 16, 2023. (See "OSC," Dkt. No. 9.) Brooke filed a response on June 13, 2023. (OSC Response.)

In the OSC, the Court specifically ordered "Plaintiff and Plaintiff's Counsel" to "support their responses to the OSC with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a 'high-frequency litigant' as provided by California Civil Procedure Code Sections 425.55(b)(1)-(b)(2)." (OSC at 1.) It warned Plaintiff that "[f]ailure to timely or *adequately* respond to this OSC may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the Unruh Act and other state-law claims, if any, and the dismissal of any such claims pursuant to 28 U.S.C. § 1367(c)." (Id. at 2) (emphasis added).

Though the Court's OSC was very clear that declarations were required in any response, the OSC Response does not contain a declaration from either Brooke or Plaintiff's Counsel. (See OSC Response.) While the Court is sometimes willing to look past a litigant's oversights and errors, the utter disregard for this Court's orders shown by Plaintiff's Counsel in a pattern of

recent filings cannot be ignored any longer.  Plaintiff and Plaintiff's Counsel have filed four virtually identical actions in recent months against different defendants that were assigned to this Court.  See Theresa Brooke v. Mant Corp, EDCV 23-821-JGP-SP; Theresa Brooke v. EKTA Hospitality LLC, EDCV 23-811-JGB-SHK; Theresa Brooke v. Century Sierra LLC, EDCV 23-810-JGB-KK; Theresa Brooke v. Rishabh Investment LLC, EDCV 23-813-JGB-KK.  In each one of those actions, the Court issued a virtually identical OSC to the one issued here.  In each one of those actions, Plaintiff and Plaintiff's Counsel failed to file any declarations in response to the Court's OSC.  And in each one of those actions, the Court noted these failures and stated, "The Court exercises its discretion not to dismiss the entire action even though Plaintiff failed to abide by its order.  It forewarns Plaintiff that further failures to abide by court orders may result in the dismissal of the case."  See Theresa Brooke v. Mant Corp, EDCV 23-821-JGP-SP, Dkt. No. 11; Theresa Brooke v. EKTA Hospitality LLC, EDCV 23-811-JGB-SHK, Dkt. No. 11; Theresa Brooke v. Century Sierra LLC, EDCV 23-810-JGB-KK, Dkt. No. 11; Theresa Brooke v. Rishabh Investment LLC, EDCV 23-813-JGB-KK, Dkt. No. 11.  Despite four specific warnings against further failures to comply with this Court's orders, Plaintiff and Plaintiff's Counsel flouted them for a fifth time in the instant case.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  See Ghazali, 46 F.3d at 53–54.

The Court has carefully weighed these factors and finds that dismissal of the action is the only appropriate sanction.  The Court does not order litigants to file specific documents for no reason.  It has given Plaintiff and Plaintiff's Counsel ample notice of the need to follow its orders and the potential consequences of not following them.  It is fairly obvious at this point that Plaintiff's Counsel is not even reading this Court's orders, for he has failed to follow them five times without explanation.  There is a strong likelihood that this Court will preside over future actions filed by Plaintiff and Plaintiff's Counsel.  Dismissal is the least drastic sanction that will adequately deter Plaintiff and Plaintiff's Counsel from engaging in further reckless disregard for this Court's orders in this case and any that may be coming down the road.

Accordingly, the Court **DISMISSES** Plaintiff's action without prejudice and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**